Argued and submitted September 10, affirmed in part and reversed in part
December 31, 1986

# SWARTOUT,
*Respondent - Cross-Appellant,*

*v.*

# PRECISION CASTPARTS CORPORATION,
*Appellant - Cross-Respondent.*

(A8405-03233; CA A37249)

730 P2d 1270

David S. Barlow, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Randolph C.

Foster, Charles F. Adams, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Cynthia Cumfer, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a summary judgment for plaintiff that enforced a grievance committee decision, awarded damages in enforcing that decision and awarded attorney fees under ORS 652.200(2). We affirm the summary judgment and reverse the award of attorney fees.

The facts are not in dispute. Plaintiff, a permanent full-time employe of defendant, was laid off for lack of work on October 1, 1982, and was not called back until September 21, 1983. During the layoff, defendant recalled an employe with less seniority than plaintiff to perform his job. Defendant has in effect an employe handbook which, by its terms, applies to plaintiff. The handbook provides that, in the event of a layoff, employes with seniority will be recalled first. It also includes a grievance procedure, under which plaintiff filed a grievance on the basis of defendant's recall of the less senior employe ahead of him. The grievance committee held a hearing in accordance with the procedures in the handbook. It awarded plaintiff back pay for the time that the employe with less seniority worked at the job.

The committee's decision did not provide for any deductions or adjustments to the award. In paying plaintiff, defendant deducted the amount of unemployment compensation which he had received during the layoff. Plaintiff sued for damages for breach of contract or, in the alternative, for enforcement of an arbitration award. The trial court awarded him damages in the amount deducted by defendant from the payment to him. Defendant appeals.

Defendant first challenges the trial court's enforcement of the grievance committee's decision. A summary judgment should be granted only if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. ORCP 47C; *Themins v. Emanuel Lutheran,* 54 Or App 901, 903, 637 P2d 155 (1981), *rev den* 292 Or 568 (1982). Defendant contends that it had the right to interpret the grievance committee's decision and, accordingly, to deduct unemployment compensation received by plaintiff from the award; at a minimum, it argues that an issue of fact exists as to whether the grievance committee had delegated to defendant

the decision to deduct the unemployment compensation.[1] We disagree and affirm the summary judgment award of damages.

■ An employe handbook is part of the contractual relationship between an employe and employer. *See Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 576 P2d 356 (1978); *Fleming v. Kids and Kin Headstart,* 71 Or App 718, 693 P2d 1363 (1985). Employe handbooks are subject to the same principles of construction as any other contract. *Fleming v. Kids and Kin Headstart, supra.*

Defendant does not dispute that the handbook is part of plaintiff's employment contract. The handbook establishes procedures which an aggrieved employe may pursue.[2] It states that the purpose of the grievance procedure is "to interpret [defendant's] policies and to assure that [those] policies are being administered fairly." The handbook provides that, within five working days after a written grievance is presented to defendant's personnel manager, the grievance committee will convene a hearing and "shall function in an expeditious manner to resolve all differences." The committee is empowered to hear evidence from the parties and from any other persons necessary to reach a decision. The handbook unequivocally states that the committee's decision is final. After the hearing, the committee found that plaintiff should have been recalled before the less senior employe and decided

---

[1] In its brief and at oral argument, defendant called the committee's decision a "recommendation." That is a mischaracterization. *See* n 2, *infra.*

[2] The employe handbook provides, in relevant part:

"GRIEVANCE PROCEDURE

"* * * The purpose of the grievance procedure is to interpret company policies and to assure that company policies are being administered fairly.

"* * * * *

"* * * If the grievance remains unresolved [after certain optional procedural steps], employes * * * should prepare a written grievance to be submitted to the Grievance Board. * * * Within five working days after the written grievance has been presented to the Personnel Manager, a formal [grievance] [c]ommittee hearing will be held.

"The Committee (six Grievance Board members selected at random) shall function in an expeditious manner to resolve all differences. The Committee may hear from both parties together or separately to gather information from which to make their decision. The Committee may also hear from any other individual necessary to gather enough information to reach their decision. The Committee's decision will be final."

that "[h]e will be paid for the time a less senior employe worked in his classification." The decision does not provide for any adjustments to the back pay.

■ Defendant argues that it reserved the right to determine how to implement the committee decision, citing *Simpson v. Western Graphics,* 293 Or 96, 643 P2d 1276 (1982), and that it therefore can deduct the unemployment compensation received from the award. *Simpson* held that, when an employe handbook does not specifically delegate decision-making authority, the employer implicitly retains such authority. 293 Or at 100-101. *Simpson* does not apply here, because defendant's employe handbook specifically and explicitly delegates to the committee the authority to resolve *all* issues between plaintiff and defendant, and the handbook further specifies that the committee's decision will be *final.* Those provisions of the handbook, and thus of plaintiff's employment contract, are unambiguous and are entitled to full legal effect. *Taylors Coffee Shop v. Taylor,* 56 Or App 419, 422, 643 P2d 347, *rev den* 293 Or 235 (1982). We therefore hold that defendant does not have the right to determine how to implement the committee's final decision.

Defendant next argues that affidavits from two committee members, which state that the committee left the decision concerning the deductability of unemployment compensation to defendant, present a question of fact as to whether the committee delegated the authority to adjust the amount of the award. That argument has no merit. The committee's decision is silent as to whether it intended to delegate to defendant the power to decide the deductability of the unemployment compensation benefits. Therefore, there would be an issue of fact *only* if defendant intended to give the committee the power to delegate decision-making authority by its *silence.* However, in the absence of an express provision in the handbook to that effect, the inference cannot be made that defendant intended to give the committee that power. If it had intended such an arrangement, the handbook should have explicitly so stated. It does not. There is no question of fact on that issue.

Assuming that the committee decision was an arbitration award made pursuant to ORS 33.210 *et seq,* the entry of summary judgment was still proper. The committee

made a final award, and defendant does not challenge that award on any ground that would invalidate it. We, therefore, conclude that there is no genuine issue of material fact and hold that plaintiff is entitled to judgment as a matter of law on the theories pled.

■      Defendant also contends that the trial court erred in awarding plaintiff attorney fees pursuant to ORS 652.200(2).[3] We agree. The committee awarded plaintiff damages for defendant's breach of the handbook's requirements, not wages for work plaintiff actually performed. *Bruce v. S.M. Motor Co., Inc.,* 81 Or App 227, 724 P2d 911 (1986). We therefore reverse the award of attorney fees.

On appeal, award of attorney fees reversed; otherwise affirmed; affirmed on cross-appeal.

---

[3] ORS 652.200(2) provides:

"In any action for collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting said action, unless it appears that the employe has wilfully violated the contract of employment."