Argued and submitted October 6, 1988, certified questions answered February 14, 1989

# GRAVES,
*Plaintiff,*

*v.*

# ARNADO,
*Defendant.*

## (USDC Civil 87-6269-ME; SC S35326)

768 P2d 910

G. Phillip Arnold, Ashland, argued the cause and filed the brief for plaintiff.

Robert E. Franz, Jr., Eugene, argued the cause and filed the brief for defendant.

Before Peterson, Chief Justice, and Linde, Campbell,* Carson, Jones and Gillette, Justices, and Van Hoomissen, Justice *pro tempore.*

VAN HOOMISSEN, J.

---

* Campbell, J., retired December 31, 1988.

## VAN HOOMISSEN, J.

This case involves two questions certified from the United States District Court for the District of Oregon:[1]

(1)   May Josephine County, by adopting personnel rules, impose conditions of due process or cause on a sheriff's authority under ORS 204.601[2] and ORS 204.635[3] to appoint and/or terminate the employment of deputy sheriffs?

Our answer is YES.

(2)   Is a sheriff bound by a predecessor's adoption of due process and termination for cause requirements concerning his deputies, at least until some official action is taken by the new sheriff to delete or change those requirements?

---

[1] ORS 28.200 provides:

"The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state."

[2] ORS 204.601 provides:

"(1)  The county court or board of county commissioners of each county shall fix the number of deputies and employes of county officers whose compensation is to be paid from county funds.

"(2)  All such deputies and employes shall be appointed by such county officer, and shall hold office during the pleasure of the appointing officer."

[3] ORS 204.635 provides:

"(1)  A sheriff's deputies shall be appointed by the sheriff in writing and continue during the pleasure of the sheriff. The sheriff of any county may appoint deputies in the county for the purpose only, and with authority only, to receive and serve summons and civil process in any suit or action. A certified copy of the appointment of a deputy sheriff shall be filed with the county clerk, and the person appointed shall, before entering upon the duties of the office, take and file with the county clerk the oath of office.

"(2)  A sheriff may also, by special written appointment, authorize any other person to do any particular act. A certified copy of such appointment shall be filed with the county clerk, unless indorsed upon the process, order or other paper so authorized to be served or executed.

"(3)  A deputy has the power to perform any act or duty that the principal has, and a person specially appointed to do a particular act has the same power in relation to the particular act authorized. The principal is responsible for the conduct of such deputy or person specially appointed except as provided in subsection (4) of this section.

"(4)  In counties having a civil service system covering deputy sheriffs, the sheriff shall not be responsible for the conduct of deputy sheriffs or persons specially appointed as provided in subsection (2) of this section."

Our answer is NO.

Plaintiff Graves, a former Josephine County deputy sheriff, seeks damages in federal court as a result of his not being reappointed a deputy by defendant Arnado, the newly elected sheriff. Graves alleges that, without due process, defendant deprived him of his reasonable expectation of continued employment as a deputy sheriff and in violation of 42 USC § 1983. He also alleges that he had an employment contract guaranteeing him continued employment with termination only for cause and that defendant's breach of that contract was a taking of his property interest without due process. Defendant moved for summary judgment on the issue of whether Graves could have a property interest in his employment in view of Oregon statutes which provide that deputy sheriffs serve "during the pleasure of" the sheriff. ORS 204.601(2); ORS 204.635(1). The district court found that it could not decide the motion without answers from this court to the questions certified.

Graves was first appointed a Josephine County deputy sheriff in 1973. He served under several sheriffs until January 1987. Arnado was elected sheriff in 1986. He informed Graves that his employment would be terminated when Arnado took office in January 1987.

In 1979, Josephine County commissioners adopted personnel rules which provided that all county employees, including deputy sheriffs, could be terminated only for cause and after a hearing. The incumbent sheriff accepted the rules; successor sheriffs, however, did not expressly accept them. In 1980, Josephine County adopted a home rule charter which provided that the county would assume all powers permissible under the Oregon Constitution. The charter vested county legislative authority in the Board of County Commissioners (Board) and it provided express authority for a county personnel system. In 1986, the Board adopted new personnel rules which by their terms applied to all county employes, including deputy sheriffs. The new rules were published in a personnel handbook that was distributed to all county employees. The Board asked Sheriff Carlton, Arnado's predecessor, to accept the new rules. Carlton refused. He also had refused to accept the 1979 rules when he first became sheriff.

The 1986 personnel rules provide in part:

"Section 1.5   Rules relating to the administration of the County personnel program shall be adopted by the Board of County Commissioners *and individually agreed to by elected officials.* Rules adopted by the Board shall become effective upon adoption and shall be available in all departments of the county." (Emphasis supplied.)

· "Section 1.8   County employees, who are appointed by an elected official other than the Board, shall serve at the pleasure of and under the specific direction of that elected official. The benefit of these Personnel Rules shall be given to these employees in the same fair, equitable, and uniform manner that all other County employees receive, excluding any section of Rule X Grievance Procedure which subordinate the elected officials' legal authority to the Board."

Arnado argues that he never "agreed to" the 1986 rules and, therefore, he is not bound by them. Alternatively, he argues that Section 1.5 permits him to "veto" the new rules by not agreeing to them.

■       In answer to the first question, we hold that, by adopting personnel rules, Josephine County *may* impose conditions of due process or cause on the sheriff's authority under ORS 204.601 and ORS 204.635 to appoint and/or terminate the employment of deputy sheriffs. In view of the language in Section 1.5 requiring that elected officials "individually" agree to the county's 1986 personnel rules, we do not decide whether Josephine County *did* impose such conditions in this case.

ORS 204.601 gives the Board the power to fix the number of *county-paid* deputy sheriffs.[4] That statute also provides that such deputies "shall hold office during the pleasure of the appointing [sheriff]." "County officer" includes the sheriff. ORS 204.005.[5] ORS 204.635 codifies the common law that deputies serve at the sheriff's pleasure, that deputies may exercise all the powers of the sheriff and that the sheriff is responsible for deputies' acts. Although ORS 204.601 and

---

[4] We note that, in addition to the *county-paid* deputies, the sheriff also has appointed seven other deputies who apparently are not paid from county funds. They are not covered by ORS 204.601. *See also* ORS 241.025(4).

[5] ORS 204.005(1) provides:

"There shall be elected at the general election, by the electors of each county, the following county officers:

"A sheriff."

ORS 204.635 both concern deputy sheriffs, those statutes differ in several respects. ORS 204.601 applies to county-paid deputies of all county officers.[6] ORS 204.635 applies to deputy sheriffs, even those not paid from county funds.

■    The 1953 legislation creating ORS 204.601 contained a statement of legislative intent that no provision of ORS 204.601 shall supersede any provision of the county civil service law, and when any conflict arises between any provision of ORS 204.601 and any provision of the county civil service law, then the county civil service law shall prevail. ORS 204.121.[7] Furthermore, ORS 204.635(4), *supra,* n 3, enacted in 1963, implicitly recognizes that a sheriff's authority under ORS 204.635(1) is subject to a county civil service system. An interpretation of ORS 204.635 permitting sheriffs to avoid a county civil service system covering deputy sheriffs would be incompatible with ORS 204.121's express legislative purpose, a purpose that also implicitly is reflected in ORS 204.635(4). We conclude that the current legislative scheme indicates that the "during the pleasure of" language in ORS 204.601(2) and 204.635(1) controls only in the absence of county civil service rules and/or collective bargaining agreements. The affirmative policy of this state is to encourage county civil service and collective bargaining agreements at the expense of the authority granted by ORS 204.601(2) and 204.635(1).[8] Therefore, our answer to the first certified question is YES.

■    Our resolution of the first certified question narrows our analysis of the second. We hold that where a sheriff retains full authority under ORS 204.601 and ORS 204.635

---

[6] The phrase in ORS 204.601(1) "whose compensation is to be paid from county funds" applies to deputies and employees of county officers, rather than to the county officers themselves.

[7] ORS 204.121 provides:

"It is the intent of the Legislative Assembly that no provision of ORS 204.116, 204.126 or 204.601 shall supersede any provision of the county civil service law, and when any conflict arises between any provision of ORS 204.116, 204.126 or 204.601 and any provision of the county civil service law, then the county civil service law shall prevail."

[8] Notwithstanding defendant's argument that ORS 204.635(1) confers broad discretion on Arnado, his discretion is limited by provisions of law other than ORS 204.121. ORS 243.656 encourages public employers to negotiate and enter into collective bargaining agreements that may limit discretion under ORS 204.601 and ORS 204.635. Federal and state laws and regulations also may limit discretion by precluding hiring or firing on the basis of race, sex or religion.

and is liable under ORS 204.635(3), his statutory authority to appoint and/or terminate the employment of his deputies may not be limited by a predecessor sheriff's action. We do not decide whether Arnado's predecessor adopted due process and termination for cause requirements or, if he did, whether Arnado has deleted or changed those requirements by some official action.

In *Mills v. City of Baker*, 152 Or 87, 51 P2d 1047 (1935), we held that an outgoing elected governing body of finite tenure which entered into a contract involving a "governmental" function could not bind a subsequently elected body. *Mills* is equally applicable here. A deputy sheriff who exercises the authority of an elected sheriff is involved in a governmental function. Therefore, our answer to the second certified question is NO.

Certified questions answered.