Argued and submitted July 14, reversed and remanded October 25, 1989

## FOX,
*Appellant,*

*v.*

## BEAR CREEK CORPORATION et al,
*Respondents.*

(87-2998-J; CA A50644)

781 P2d 378

Paul B. Gamson, Portland, argued the cause for appellant. With him on the briefs were Margaret S. Olney and Durham, Drummonds, Smith & Wiser, Portland.

Charles F. Adams, Portland, argued the cause for respondents. With him on the brief were Harry S. Chandler and Stoel Rives Boley Jones & Grey, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff brought this action for breach of an employment contract. The trial court granted defendants' motion for summary judgment. We reverse and remand.

Plaintiff began working for defendants in 1972 in a nonsupervisory position.[1] Within six years he had worked up to a management position and, when he was terminated, his title was Vice President, Operations Planning. In August or September, 1986, he was assigned to the "McCormick Project," which was to develop a standard base cost system for the company's Medford operation. In January, 1987, defendants removed him from that position and terminated his employment with the company.

Examining the record in the light most favorable to plaintiff, we may affirm a grant of summary judgment only if there are no issues of material fact to be decided and the moving party is entitled to judgment as a matter of law. ORCP 47; *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978). We agree with plaintiff that the evidence at summary judgment shows that there are factual issues that a jury must resolve.

■ ■  Plaintiff alleged that defendants breached the employment contract as it was set out in defendants' Corporate Personnel Policy Manual. Personnel policy statements can create contractual obligations between an employe and an employer. *Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 576 P2d 356 (1978). They are subject to the same principles of construction as any other contract, *Swartout v. Precision Cast Parts Corp.,* 83 Or App 203, 730 P2d 1270 (1986), and, if the contract terms are ambiguous, their meaning is an issue for the jury. *Timberline Equip. v. St. Paul Fire & Mar. Ins.,* 281 Or 639, 576 P2d 1244 (1978). There are questions of fact as to the existence of a contract between plaintiff and defendants, the meaning of its terms and the reason for plaintiff's termination.

The terms of the policy manual are not clear and certain. On its face, the manual applied to all "employees."

---

[1] Plaintiff originally worked for defendant Harry and David, which is now a subsidiary of Bear Creek Corporation.

There is no express statement that supervisors are not included. At least one rule appears to cover poor performance and provides for progressive discipline, not immediate termination.[2] Plaintiff was an employe and offered evidence that he was terminated for poor job performance without being told that his work was unsatisfactory and being given an opportunity to improve. Whether the terms of the manual reach as broadly as contended by plaintiff or as narrowly as urged by defendants involves factual determinations which must be made by a jury.

A jury must also resolve the factual dispute as to the reasons for plaintiff's termination. Plaintiff has consistently alleged that defendants told him that he was terminated for poor performance. Defendants argued that plaintiff's job was eliminated and that there was no other position for him. On appeal, they argue that plaintiff knew that he was not terminated for poor performance, because he has stated that he did not perform poorly and he accepted severance pay, although defendants' severance plan did not allow for pay in those circumstances.

However, whether plaintiff accepted the pay with the knowledge attributed to him by defendants, or whether he took the pay, as he claims, because he believed that it was the least that defendants could do for him after his years of service, cannot be resolved on summary judgment. The grounds for plaintiff's termination and the relationship of those grounds to the alleged contractual obligations are issues of fact for the jury's consideration. Summary judgment is not appropriate simply because one party may appear to have the better of the dispute. It can be allowed only when there is no factual dispute.

Reversed and remanded.

---

[2] Rule K provided that an employe would be subject to discipline for

"[c]onstant failure to produce satisfactory quality or quantity of work when measured by the standards (or average) of the department."