Argued and submitted December 10, 1990, affirmed May 15, reconsideration denied August 21, petition for review denied September 24, 1991 (312 Or 151)

Beverly ZACKER,
*Appellant,*

*v.*

NORTH TILLAMOOK COUNTY
HOSPITAL DISTRICT,
*Respondent,*

*and*

Stephen VANDERWAAL,
*Defendant.*

(89-2043; CA A63935)

811 P2d 647

Gordon S. Gannicott, Portland, argued the cause for appellant. With him on the briefs were David J. Hollander, David J. Hollander & Associates, and Hollander & Lebenbaum, Portland.

Molly Marcum, Portland, argued the cause for respondent. On the brief were Lindsey H. Hughes and Hallmark, Keating & Abbott, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff, in response to being terminated from her employment, brought this action for breach of contract. The trial court granted defendant hospital district's[1] motion to dismiss for failure to allege facts sufficient to state a claim. ORCP 21(8). We affirm.

Plaintiff worked for defendant from September 14, 1981, until her discharge on August 7, 1987. Her complaint alleged that she

> "was employed pursuant to the terms and conditions of a certain 'personnel policies and procedures' manual (hereafter 'manual'), issued by Defendant * * *. Plaintiff reviewed the manual when it was issued to her upon the commencement of her employment with Defendant * * *. Each employee of Defendant * * * was required to read and sign a form acknowledging that they understood the terms of the manual. * * *
>
> "6. The manual constituted an employment contract between Plaintiff and Defendant * * *."

In reviewing the sufficiency of a complaint, we assume the truth of all well pleaded allegations and of any facts that might be adduced as proof of those allegations. *See Brennan v. City of Eugene*, 285 Or 401, 405, 591 P2d 719 (1979); *Stout v. Citicorp Industrial Credit, Inc.*, 102 Or App 637, 639, 796 P2d 373 (1990), *rev den* 311 Or 151 (1991).

■  Plaintiff first argues that the trial court erred in dismissing her breach of contract claim, because the complaint alleged facts sufficient to state a claim that the manual constituted a contract. Personnel policy manuals can create contractual obligations between an employee and a defendant. *Yartzoff v. Democrat-Herald Publishing Co.*, 281 Or 651, 656, 576 P2d 356 (1978); *Fox v. Bear Creek Corp.*, 99 Or App 90, 92, 781 P2d 378 (1989). The facts alleged in plaintiff's complaint are sufficient to indicate that the manual was intended to communicate express terms of the employment relationship, to which new employees had to agree, and was not merely a policy guide for managers. *See Lakeside v. Freightliner Corp.*, 612 F Supp 10, 12 (D Or

---

[1] The trial court also dismissed plaintiff's claim of intentional interference with contractual relationship against defendant Vanderwaal, pursuant to ORCP 21(8). Plaintiff did not appeal that dismissal.

1984). We hold that plaintiff sufficiently alleged that the manual created an employment contract between the parties.

■      However, we also conclude that the complaint did not sufficiently state a claim for a *breach* of the employment contract. According to plaintiff, the manual is ambiguous as to whether it restricts defendant's right to terminate her at will, and therefore its meaning is a question for the jury. *See Fox v. Bear Creek Corp., supra,* 99 Or App at 92. Her complaint attached the manual and alleged:

> "7.      Section 221 of the manual provides that 'involuntary termination *may* result as the final stage of the corrective discipline policy or because of gross misconduct.' Section 221(4)(7) of the manual defines gross misconduct as a 'breach of professional conduct including the confidentiality of patient and employee information.'

> "8.      On August 7, 1987, Plaintiff was fired by Defendant * * *, ostensibly for a breach of confidentiality regarding employee information.

> "9.      Plaintiff never participated in the corrective discipline policy while employed by Defendant * * * nor did she breach any confidentiality requirement.

> "10.      Defendant * * * terminated Plaintiff's employment in violation of section 221 of the manual." (Emphasis supplied.)

In the absence of a contract or statute to the contrary, an employer may discharge an employee at any time, for any reason or for no reason. *See, e.g., Patton v. J. C. Penney Co.,* 301 Or 117, 120, 719 P2d 854 (1986); *Elliot v. Tektronix, Inc.,* 102 Or App 388, 395, 796 P2d 361, *rev den* 311 Or 13 (1990). The question is whether plaintiff alleged facts sufficient to show an express or implied agreement modifying the employment-at-will relationship. *See Simpson v. Western Graphics,* 293 Or 96, 101, 643 P2d 1276 (1982).

The language from the manual quoted by plaintiff specifically provides that involuntary termination *may* result as the final stage of the disciplinary process or because of gross misconduct, not that those are the *only* avenues for termination. In fact, it also allows defendant to skip the initial stages of

the disciplinary process altogether and simply terminate an employee.[2]

Most persuasive, however, is the provision that "[s]ince employment * * * is based upon mutual consent, *either the employee or the employer is privileged to terminate employment.*" (Emphasis supplied.) Thus, regardless of any optional termination procedures, the manual did not modify the employment-at-will relationship. *See Carlson v. Crater Lake Lumber Co.,* 103 Or App 190, 198, 796 P2d 1216 (1990), *modified* 105 Or App 314, 804 P2d 511 (1991). Because plaintiff failed to allege facts sufficient to show a restriction on defendant's right to terminate her employment, the trial court did not err in dismissing her claim for breach of contract.[3]

We turn to plaintiff's argument that the trial court erred in dismissing her claim for denial of "due process" because her status as a non-probationary public employee confers a constitutionally protected property interest in her continued employment. Plaintiff does not identify the basis for such a claim, and we are not aware of any independent tort action designated simply as "denial of due process." Because we do not intend to create such a tort, we do not address plaintiff's assignment of error.

Affirmed.

---

[2] The portion of section 219 of the manual, on which plaintiff specifically relies, provides:

"The steps to be followed in the progressive discipline policy are as follows:

"1. Verbal counselling by the supervisor, with written documentation.

"2. Verbal warning by the supervisor, accompanied by a written documentation, submitted to the Personnel department.

"3. Verbal warning, written documentation and an imposed disciplinary probation period not to exceed thirty (30) days.

"4. Suspension, without pay, pending investigation and probably[*sic*]/possible dismissal for a period not to exceed three (3) working days.

"5. *Involuntary termination.*" (Emphasis supplied.)

However, plaintiff ignores the rest of section 219. It reads:

"As a general rule, all steps of the progressive disciplinary policy will be used; however, depending upon the severity and circumstances surrounding the action, *the procedure may be initiated at any of the before stated steps.*" (Emphasis supplied.)

[3] Because we conclude that, under the employment contract, defendant was free to terminate plaintiff at will, we do not address her remaining argument that she was not terminated in accordance with the terms of the manual.