Argued and submitted December 21, 1992, affirmed March 31, reconsideration denied June 9, petition for review denied July 27, 1993 (317 Or 271)

Irene HREHA,
*Respondent,*

*v.*

Eugene F. NEMECEK
and Rosalie McCleary,
dba Realty World-Foghorn Realty,
*Appellants.*

(91-8392; CA A74012)

849 P2d 1131

Hayes Patrick Lavis, Astoria, argued the cause for appellants. With him on the brief was Patrick Lavis, P.C., Astoria.

Jeanyse R. Snow, Astoria, argued the cause for respondent. With her on the brief was McCallister & Snow, Astoria.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendants appeal a summary judgment for plaintiff in this action to recover real estate commissions that plaintiff earned while employed as a sales associate for defendant Realty World-Foghorn Realty, of which defendant Nemecek is the broker and defendant McCleary is the manager of sales personnel. We affirm.

Plaintiff was hired by defendants in 1989, and the parties entered into a written employment contract. The contract, together with a 1986 "policy manual," defined the commissions payable to salespersons during their employment and after termination. In September, 1991, defendants circulated a revised policy manual, together with a new contract and a note indicating that the contract "needs to be read, signed and returned to [defendants] by Oct. 1, 1991." The new documents purported to reduce the post-termination commissions payable to plaintiff for sales made before, as well as after, the new provisions became operative. She did not sign the new contract and resigned from her employment on September 30. She brought this action to recover commissions in accordance with the original contract for four sales that were made while it was in effect.

Defendants make four assignments of error, all of which rely on the proposition that they could and did retroactively alter plaintiff's commission rights under the 1989 contract, and that there were questions of fact that precluded summary judgment. Defendants contend, first, that there was evidence that the 1991 manual became part of the parties' contract, apparently by the very fact of its distribution, while plaintiff was still employed. They maintain that there were at least questions of fact as to what the parties intended. Plaintiff responds that the 1991 manual could not have become part of her contractual arrangement with defendants nor could it have affected her post-termination commissions unless she remained in defendants' employ after the new provisions took effect.

Generally, a person's continued employment after a personnel handbook is distributed may be sufficient consideration to bind the employee to any terms of the handbook that are contractual in nature. *Yartzoff v. Democrat-Herald*

*Publishing Co.*, 281 Or 651, 657, 576 P2d 356 (1978). However, "[e]mploye handbooks are subject to the same principles of construction as any other contract." *Swartout v. Precision Castparts Corp.*, 83 Or App 203, 206, 730 P2d 1270 (1986). If a handbook and other contractual materials provide that the handbook becomes binding only upon the happening of an event other than distribution, the specified event must occur in order for the employee to be bound by the new terms.

■ The 1991 manual and the documents that accompanied it specified that the new contractual provisions would take effect only upon the employee signing and returning the contract document by October 1. Plaintiff did not sign the new contract, and she was not employed by defendant on October 1. The new provisions never became applicable to her. It is therefore unnecessary for us to address her further argument that defendants could not lawfully reduce her original contractual commission rights for past sales, even if the new instruments did apply to her. Defendants' first assignment fails.

■ Defendants assert in their second and third assignments that, even under the pre-1991 contract and manual, they had the authority to change the commissions unilaterally. They rely on provisions in the earlier manual or in the 1989 contract that gave the broker or other officers of the agency general and final authority to resolve intra-agency disputes and that required sales personnel "to abide by Broker's office Rules and Policies." Plaintiff's response to both contentions is that the general authority that the broker possessed under the cited language is unrelated to and did not displace the specific contractual provisions governing compensation. We agree with plaintiff.

Defendants' fourth assignment depends largely on the correctness of their first three and, to the extent that it goes beyond them, it warrants no discussion.

Affirmed.