116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis ENGLEHARD, PLAINTIFF-APPELLANT,
v.
Klamath County; David HENZEL; Clifton McMILLAN; Nicholas
FRANCIS, Defendants-Appellees.
 No. 96-35352.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997*
Decided May 30, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon John P. Cooney, Magistrate Judge, Presiding
 
 
 2
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and LEW,** District Judge.
 
 
 3
 MEMORANDUM***
 
 
 4
 Appellant Dennis Engelhard appeals the district court's summary judgment dismissal of his action under 28 U.S.C. § 1983 alleging that his former employer Klamath County, two county commissioners, David Henzel and Clifton McMillan, and Nicholas Francis, chief of staff of the Klamath County Board (collectively "Appellees"), denied him his right to due process of law when he
 
 
 5
 was terminated from his position as Director of Personnel for Klamath County, Oregon. Appellant alleges that he had a constitutionally protected property interest in continued public employment under Oregon law, that Appellees terminated his employment without granting him due process of law, and that Appellees violated his constitutionally protected liberty interest by making statements impinging on his good name, reputation, honor and integrity. The district court granted Appellee's motion for summary judgment and we affirm.
 
 I.
 
 6
 Appellant had no cognizable property interest in his government employment. At the time Appellant was terminated, he was not covered by any of the county's termination policies. This is because Appellees suspended those policies for all department heads. In the absence of such a policy, Appellant was an at-will employee. See Or.Rev.Stat. § 204.601(2).
 
 
 7
 The Board of Commissioners did not violate Appellant's due process rights by rescinding these policies. Both the 1984 and the 1994 personnel policies expressly stated that they could be amended, modified or revoked by the Commissioners. Such revocation was in no way conditioned on the Commissioners' giving notice to affected employees. Thus, Appellant cannot reasonably have believed that he had any kind of permanent property interest in his employment.
 
 
 8
 Moreover, a former Board's decision to adopt restrictive personnel policies cannot preclude a new set of Commissioners from terminating employees who perform "governmental" functions. Graves v. Arnado, 768 P.2d 910, 913 (Or.1989) ("[A]n outgoing elected body of finite tenure which entered into a contract involving a 'governmental' function [cannot] bind a subsequently elected body."). Contrary to Appellant's contention, this rule is not limited to employees who perform functions mandated by statute. All that is necessary is that the Board have "supervisory control" over the position. See Miles v. City of Baker, 51 P.2d 1047, 1050 (Or.1935) ("While contracts if made in good faith, extending beyond the terms of the officers making them are ordinarily valid, where the nature of an office or employment is such as to require a municipal board or officer to exercise a supervisory control over the appointee, together with the power of removal, such employment or contract of employment by the board, it has been held, is in the exercise of a governmental function, and contracts relating thereto must not be extended beyond the life of the board."). As the district court concluded, Appellant "reported to and was supervised by the Board of Commissioners." Because Appellant does not dispute the district court's conclusion that he performed governmental functions, he had no protectable property interest in his employment.
 
 II.
 
 9
 Likewise, Appellees did not infringe a protected liberty interest by making disparaging remarks about Appellant in the press. In order to prevail on this claim, Appellant must prove that Appellees accused him of dishonesty or immorality. See Hyland v. Wonder, 972 F.2d 1129, 1141-42 (9th Cir.1992). How-ever, none of the statements about appellant in any of the newspaper articles, radio interviews or speeches say anything about his truthfulness or moral character. Nowhere do defendants suggest that Engelhard should be subject to criminal action. At most, Appellees made a few passing remarks about Appellant's poor job performance. These statements are not actionable under the due process clause. See Hyland, 972 F.2d at 1142 ("The federal Constitution is not concerned with every insult hurled in the heat of an employment dispute.").
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Hon. Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3