145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sheila LOGAN, Plaintiff-Appellant,
v.
MERVYN'S, a California corporation dba Mervyn's, Inc.,
Defendant-Appellee.
Gloria Bailey, Plaintiff-Appellant,
v.
Mervyn's, a California corporation dba Mervyn's, Inc.,
Defendant-Appellee.
 Nos. 97-35358, 97-35398.
D.C. No. CV-96-06105-DCA.
D.C. No. CV-96-00572-DCA.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1998**
Decided May 21, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Donald C. Ashmanskas, District Judge, Presiding.
 Before HAWKINS, THOMAS, and SILVERMAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sheila Logan and Gloria Bailey appeal the district court's summary judgment in favor of their former employer, Mervyn's, Inc. In this diversity action, both allege that Mervyn's breached its employment contract when they were terminated without just cause. We AFFIRM.
 
 STANDARD OF REVIEW
 
 3
 A grant of summary judgment is reviewed de novo. See Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id. at 834.
 
 I.
 
 4
 Bailey's appeal is without merit. She argues that Mervyn's terminated her without just cause. However, Bailey resigned from her position rather than being terminated. Because Bailey did not argue in her opening brief that she was constructively discharged by Mervyn's, see McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841, 856-57 (Or.1995) (en banc) (establishing the elements of constructive discharge), she has waived this argument on appeal. See Federal Deposit Insurance Corp. v. Garner, 125 F.3d 1272, 1280 (9th Cir.1997).
 
 
 5
 Even if we were to consider the argument that Bailey was constructively discharged, Bailey's remaining arguments and factual allegations are virtually identical to Logan's and would therefore be rejected for the reasons set forth below.
 
 II.
 
 6
 Logan argues she could only be terminated for just cause. Under Oregon law, however, "[w]ithout a contrary agreement, an employment relationship is terminable at the will of either party." Duncan v.. Office Depot, 973 F.Supp. 1171, 1175 (D.Or.1997). Logan maintains that there existed an implied-in-fact agreement that she could only be terminated for cause. She points to oral assurances, company practices and procedures, and the employee handbook to buttress her claim.
 
 
 7
 In Oregon, absent " 'extraordinary' circumstances," Koepping v. Tri-County Metro, Transp. Dist., 120 F.3d 998, 1003 (9th Cir.1997), employment contracts "cannot be created by mere casual or unauthorized comments." Butler v. Portland General Electric Co. ., 748 F.Supp. 783, 792 (D.Or.1990), aff'd without opinion, Flynn v. Portland General Elec. Co., 958 F.2d 377 (9th Cir.1992). The oral assurances to which Logan points were merely casual and unauthorized comments.[1] See Wooton v. Viking Distrib. Co., Inc ., 899 P.2d 1219, 1223 (Or.Ct.App.1995). They did not constitute the extraordinary circumstances present in Koepping.
 
 
 8
 The Mervyn's employee handbook does not modify the at-will employer-employee relationship. The fact that the handbook included a non-exclusive list of reasons for discharge and procedures for progressive discipline does not mean that an employee could only be terminated for cause; Mervyn's retained its right to terminate Logan at-will. See Zacker v. North Tillamook County Hospital, 107 Or.App. 142, 811 P.2d 647, 649 (Or.Ct.App.1991); Carlson v. Crater Lake Lumber Co., 103 Or.App. 190, 796 P.2d 1216, 1221-22 (Or.Ct.App.1990). Although Logan attempts to distinguish Zacker because the employee handbook in Zacker included a provision stating that employment was at-will, it is irrelevant that the Mervyn's employee handbook did not contain specific language indicating an at-will relationship, because such a relationship is presumed unless there is a contrary agreement.
 
 
 9
 We also reject Logan's argument that Mervyn's past practice of warning employees of deficient performance before firing gave rise to an employee right to be fired only for just cause. In Koepping, we held that it was error for the district court to grant summary judgment for the employer when "material issues of fact remain as to whether it was reasonable for Koepping to rely upon [his employer's] policy of following its internal regulations and provide its employees with notice of performance problems, and the opportunity to try and correct them, before being terminated." Koepping, 120 F.3d at 1005. Even assuming that Mervyn's past practices may have modified the at-will employment contract to the extent that Logan could have relied upon Mervyn's system of progressive discipline before termination, Logan concedes that she received such progressive discipline before her termination.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel finds these cases appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellant argues that "Mrs. Logan was told repeatedly by her store managers, and by management personnel in Mervyn's home office, that she could retain her job unless there was cause for dismissal. As an instructor herself, she was also instructed in corrective action and was told that there had to be a reason for involuntary termination."