Peggy L. **MELTON, Plaintiff— Appellee,**

v.

**PHILIP MORRIS INCORPORATED, a Virginia corporation, Defendant— Appellant.**

No. 01–35883.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2003.*

Decided July 30, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**702**

Before: LAY,** WALLACE, and TALLMAN, Circuit Judges.

MEMORANDUM ***

In this employment discrimination dispute, the district court granted Philip Morris Inc.'s motion to compel arbitration of Melton's state tort and federal discrimination claims, but denied its motion to compel arbitration of her state discrimination claims. Philip Morris appeals.[1] The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction of this timely filed appeal under 9 U.S.C. § 16(a). We review de novo. *Ticknor v. Choice Hotels Int'l. Inc.*, 265 F.3d 931, 936 (9th Cir.2001). We reverse and remand to the district court for it to enter an order compelling the arbitration of Melton's state law discrimination claims.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Melton's cross-appeal was previously dismissed for lack of jurisdiction.

■ The district court held that the compulsory arbitration agreement is invalid as to the state discrimination claims under *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182, 1187 (9th Cir.1998). *Duffield's* continuing vitality is currently under attack. *See EEOC v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1002–03 (9th Cir.2002) (holding that the Supreme Court implicitly overruled *Duffield* in *Circuit City Stores v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001)), *vacated by* 319 F.3d 1091 (9th Cir. 2003) (en banc) (order). Even assuming *Duffield* remains the law of the circuit, *Duffield* does not apply here because Melton did not bring a Title VII claim. *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1107 (9th Cir.2002) (employee claiming ethnic harassment, in violation of California's Fair Employment and Housing Act, did not benefit from *Duffield* because employee did not bring a Title VII claim).

■ Melton argues that even if *Duffield* does not apply, the arbitration agreement is nonetheless unenforceable. First, she argues that she did not make a knowing agreement to arbitrate, citing *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756 (9th Cir.1997). Even assuming that *Nelson* applies to Melton's claims, Melton has knowingly agreed to arbitrate. She signed an acknowledgment form which, on its face, referred to the "Dispute Resolution Benefits Plan which goes into effect January 1, 1995 for all Field Sales Force employees." Melton acknowledged that she read a letter from a Philip Morris official which emphasized:

> if you continue your current employment after January 1, 1995, both you and [Philip Morris] will be bound to use the Dispute Resolution Program as the primary and sole means of resolving employment disputes that result in separa-

tion from the Company, rather than proceeding through the Court system.

By acknowledging this letter, and by continuing to work after January 1, 1995, Melton knowingly agreed to arbitrate her claims. *See Hreha v. Nemecek*, 119 Or. App. 65, 849 P.2d 1131, 1132 (Or.App.1993) (discussing contract formation by personnel handbook); *Najd*, 294 F.3d at 1109 (acceptance by similar silence is sufficient for agreement to arbitrate); *cf. Nelson*, 119 F.3d at 762 (no agreement to arbitrate when employee was not put on notice that his continued employment amounts to acceptance of the company's dispute resolution program). It is no defense that she did not sign the acknowledgment of the amendments to the dispute resolution program. That is not a requirement to bind her to the dispute resolution program.

■ Melton next argues that the agreement fails for want of mutuality of obligation. Melton urges that the only claims subject to the arbitration clause are claims against the employer. To the contrary, the arbitration agreement covers claims against the employee as well, such as claims for conversion, intentional interference with contract, or indemnification. Thus, the agreement does not fail for want of mutuality of obligation. For the same reason, Melton's argument that Philip Morris gave no consideration for the agreement also fails. JOHN EDWARD MURRAY, JR., MURRAY ON CONTRACTS § 65 (4th ed.2001) ("mutuality of obligation is simply a conclusory phrase stating the requirements of consideration").

■ Melton argues that Philip Morris's promises are illusory because it retains the right to amend or terminate the agreement "at any time." However, the agreement explicitly limits Philip Morris's power. For example, Philip Morris cannot amend the agreement as to prior disputes. It can amend the agreement only prospec-

tively. Philip Morris's promises are thus not illusory. *See Local 3–7, Int'l Woodworkers of Am. v. DAW Forest Prods.,* 833 F.2d 789, 796 (9th Cir.1987) (applying Oregon law).

Melton contends that the agreement is unconscionable because it is a contract of adhesion mandating an exclusive forum. However, such contracts of adhesion are not per se unconscionable. To be unconscionable, the contract must also be unreasonable. *Reeves v. Chem. Indus. Co.,* 262 Or. 95, 495 P.2d 729, 732 (Or.1972). Melton fails to show the contract was unreasonable. Therefore, the arbitration agreement here is not unconscionable. *Id.*

■ Melton argues that the agreement violates the Oregon Constitution's guarantee that "in all civil cases the right of Trial by Jury shall remain inviolate." Or. Const. art. I, § 17. But "the state has not deprived [Melton] of a jury trial; [s]he voluntarily has agreed to forego one." *Carrier v. Hicks,* 316 Or. 341, 851 P.2d 581, 587 (Or.1993).

"[H]aving made the bargain to arbitrate, the party should be held to it...." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (internal quotation marks omitted). All Melton's claims, both state and federal, are subject to arbitration under the agreement Melton knowingly accepted.

REVERSED AND REMANDED.