FILED

**NOT FOR PUBLICATION**

OCT 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENTLEY FOSTER; et al., | No. 13-35825 |
| Plaintiffs - Appellants, | D. C. No. 6:11 cv-06115 AA |
| v. | |
| PATRICK FLAHERTY, individually and in his personal capacity for actions he took under color of state law as Deschutes County District Attorney and Deschutes County District Attorney-Elect; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted October 15, 2015
Portland, Oregon

Before:     FERNANDEZ, TASHIMA, and BEA, Circuit Judges.

Plaintiffs are three former Oregon deputy district attorneys ("DDA") who

appeal the district court's dismissal of their claims against Deschutes County and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

individual Commissioners of the County Board of Commissioners (collectively,

"Defendants"). Plaintiffs were terminated by the newly-elected district attorney

("DA"), Patrick Flaherty, the same day he took office on January 3, 2011. In

anticipation of the potential firings, Plaintiffs and other DDAs had formed a union

following Flaherty's election in May 2010. Although the union and the County

tentatively agreed in late 2010 to a proposed collective bargaining agreement

("CBA"), which included a good cause requirement for termination, the County

Commissioners delayed the ratification vote of the CBA until after Flaherty

assumed office.

The district court dismissed Plaintiffs' § 1983 free speech retaliation claim

against Defendants and wrongful discharge, breach of the covenant of good faith

and fair dealing, and sex discrimination claims against the County.[1] We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the dismissal.

Under Oregon law, DAs are officers of the State of Oregon. *See State v.

Coleman*, 886 P.2d 28, 30 (Or. Ct. App. 1994). The DA is empowered both to

appoint DDAs, subject to the county court or board of county commissioners'

authorization of compensation for the positions, and to fire DDAs. Or. Rev. Stat.

---

[1] District Attorney Flaherty originally was a defendant in this action, but he was dismissed after he reached a settlement with Plaintiffs.

§§ 8.760, 8.780; *see also Morris v. Parks*, 28 P.2d 215, 216 (Or. 1934) ("The power of appointment generally carries with it as an incident the power to remove."). DDAs "have the same qualifications as the district attorney and, subject to the direction of the district attorney, [have] the same functions as the district attorney." Or. Rev. Stat. § 8.780. Based on the foregoing, we conclude that DDAs are State, not County, employees. *Graves v. Arnado*, relied on by Plaintiffs, concerns a sheriff's ability to hire and fire deputy sheriffs and is inapposite because sheriffs are deemed county officers by Oregon statute. 768 P.2d 910, 912 (Or. 1989) (citing Or. Rev. Stat. § 204.005).

Because the DA, and not Defendants, was the employer of the DDAs, Plaintiffs must look to the DA who had the authority to, and in fact did, terminate their employment for any damages flowing from Plaintiffs' firings. Because Plaintiffs' loss of employment is the only claimed injury, this is fatal to all of Plaintiffs' claims. Plaintiffs' claim for breach of the covenant of good faith and fair dealing fails for the additional reason that there was no contract between the union and the County at the time of Plaintiffs' termination of which the implied covenant could have been a part. *See Vukanovich v. Kine*, 342 P.3d 1075, 1084 n.6 (Or. 2015) ("Breach of the covenant is a breach of the contract."); *Klamath Off-Project Water Users, Inc. v. Pacificorp*, 240 P.3d 94, 101 (Or. Ct. App. 2010).

**AFFIRMED.**