Submitted on record and briefs November 28, 1984, reversed and remanded
January 23, 1985

FLEMING,
*Appellant,*

*v.*

KIDS AND KIN HEAD START,
*Respondent.*

(16-83-02198; CA A31390)

693 P2d 1363

Edmund J. Spinney and Wurtz, Logan & Logan, Spring-
field, filed the briefs for appellant.

Joe Gordon McKeever and Johnson, McKeever & Cram,
Eugene, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff is a former employe of defendant. In her second amended complaint she alleges that defendant terminated her employment without just cause, in violation of a provision of its employe handbook which was part of her contract of employment. *See Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 576 P2d 356 (1978). The trial court granted defendant's motion to dismiss the complaint on the ground that it failed to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). Plaintiff failed to plead over and appeals the resulting judgment. We reverse and remand.

■ The complaint alleges that plaintiff had an oral employment contract with defendant, that defendant had in force an employe manual that included a personnel policy and that the manual was incorporated by reference into her contract of employment. The personnel policy provided that permanent employes would not be dismissed without just cause. It also provided that disciplinary action might be taken if an employe discredited defendant or any of its programs, hindered the performance of any of defendant's programs or consistently failed to meet minimum job performance standards. Plaintiff alleges that she was a permanent employe, that she performed all conditions of the employment contract which were to be performed by her, that she did not do anything which would subject her to discipline under the contract and that defendant breached the contract by dismissing her without just cause. The complaint concludes with allegations of plaintiff's damages.

The issue on appeal is the sufficiency of the complaint. To decide this issue we must keep clear the nature of plaintiff's claim. It is not an action for the tort of wrongful discharge; plaintiff does not allege that defendant acted with a socially undesirable motive or that it fired her for fulfilling a societal obligation. *See Delaney v. Taco Time Int'l.,* 297 Or 10, 681 P2d 114 (1984); *Nees v. Hocks,* 272 Or 210, 536 P2d 512 (1975); *McQuary v. Bel Air Convalescent Home, Inc.,* 69 Or App 107, 684 P2d 21 (1984). Neither does plaintiff seek to enforce a collective bargaining agreement; the statutory and public policy considerations unique to the interpretation and enforcement of such agreements do not apply to this case. *See Swanson v. Van Duyn Choc. Shops,* 282 Or 491, 495-98, 579

P2d 239 (1978). Neither is plaintiff a public employe relying on statutory and constitutional provisions peculiar to that relationship. *See, e.g., Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976).

What the complaint does allege is a straightforward breach of contract claim. It sets out the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff. The complaint is sufficient to state a claim under contract law principles. Defendant seems to assume that something about the employment nature of the contract changes the normal rules. Defendant is incorrect. A breach of contract is a breach of contract, unless specific statutes or public policies affect the contract in some fashion. Defendant has shown no way in which they do so here.

Defendant relies primarily on *Simpson v. Western Graphics,* 293 Or 96, 643 P2d 1276 (1982), which also involved terminations allegedly in violation of a just cause provision in an employe handbook. In *Simpson,* the court noted that two issues arise in dealing with a termination when there is a just cause provision in an employment contract: "(1) what is the meaning of just cause; and (2) who makes the requisite factual determination." 293 Or at 100. Only the second issue was in dispute in *Simpson.* The parties agreed on the meaning of just cause but disagreed on whether, under the contract, the defendant's good faith determination of the facts was conclusive or whether plaintiffs could seek to disprove it in court. The court decided only the second issue, holding that the employer's determination was conclusive. In doing so, it noted that the handbook in question was silent on the point, that the terms of the handbook were not negotiated and that there was no evidence that the employes relied on it in accepting or continuing their employment. In such a situation, the court held, the meaning intended by the employer, the drafter of the handbook, was controlling. "In the absence of any evidence of express or implied agreement whereby the employer contracted away his fact-finding prerogative to some other arbiter, we shall not infer it." 293 Or at 101.

In *Simpson,* the Supreme Court adopted a rule of construction of private employment contracts which serves to fill a gap in the parties' agreement. It is a rule for a court to use

when it becomes the court's duty to construe the contract, which will be when all information relevant to determining the parties' intent is before the court. *Simpson* does not state a rule of law applicable no matter what the parties may provide in their agreement. Defendant here asks us to extend the *Simpson* rule to the issue which the Supreme Court did not there decide, *viz.,* the meaning of just cause. It asks that we adopt a rule of construction that the employer's good faith interpretation of the meaning of just cause is conclusive. Even if we were to do so, we would have to reverse the trial court's action in this case.

Plaintiff's complaint alleges that her contract of employment was oral and that the handbook was only part of it. We cannot say as a matter of law under the contract alleged in the pleadings that the parties have agreed that defendant may determine what actions of plaintiff would be a breach of the contract giving defendant just cause to terminate it. The court in *Simpson* applied its rule of construction only after a full trial at which the employes were able to bring out all evidence relevant to the construction of the contract. This contract requires the development of the same aids to its construction. Only then can the court know whether there are any gaps requiring construction, and only then can it know the circumstances under which the contract was made and what the parties intended. *See* ORS 42.220, ORS 42.240. The trial court's action was, at best, premature.

■ Because the court on remand will eventually need to construe the just cause provision of the contract, we turn now to the question of whether there is a special rule of construction for employment contracts that would give the employer the sole ability to determine the meaning of a just cause provision. We find no basis for such a rule. If adopted, it would make the just cause provision meaningless.

The Supreme Court in *Simpson* gave some weight to the principle that, in the absence of an agreement to the contrary, an employment contract is terminable at will by either party. This principle is simply an application of the general rule that a contract of indefinite duration will be construed to be terminable on notice by any party.[1] If this

---

[1] "It is generally the rule that a contract for an indefinite period, which by its

general rule has additional strength in an employment contract, it comes from the often sketchy and informal nature of such contracts. Here that informality has been limited by an employe handbook which, under the facts as plaintiff pleads them and as we must accept them, is part of the contract. That handbook changes the contract from one terminable at will to one that is terminable by defendant only for just cause. That limitation on defendant's ability to terminate the contract may represent its giving up of some "management prerogative," but no more so than any contractual term restricts the obligor in a way that it was not restricted before it agreed to the term. In the absence of statutory or public policy considerations, there is nothing about being an employer that gives a contracting party rights that it would not have if it were the buyer of widgets instead of labor.

■    To determine what just cause means is to construe the contract. That is a judicial function. It is not the same as determining that a certain state of facts exists. This contract, as plaintiff alleges it, does not by its terms place that function elsewhere than in the court. If defendant believes that under this contract it has the right to determine the meaning of just cause, it is free to plead and prove any contractual terms which give it that right. There is no rule of construction that can substitute for those terms. In their absence, it is not for the employer to decide whether plaintiff's acts breached the contract so that her dismissal could be justified as a response to that breach or whether the dismissal was itself a breach.

Reversed and remanded.

---

nature is not deemed to be perpetual, may be terminated at will on giving reasonable notice." 17A CJS 478, Contracts § 398; *see also Andersen v. Waco Scaffold & Equip.,* 259 Or 100, 105, 485 P2d 1091 (1971).