Argued and submitted April 5, affirmed July 17, 1985

# TRIVOLI,
## *Appellant,*

*v.*

# MULTNOMAH COUNTY RURAL FIRE PROTECTION DISTRICT NO. 10 et al,
## *Respondents.*

## (A8308-05276; CA A33437)

703 P2d 285

Dennis O'Malley, Portland, argued the cause for appellant. With him on the briefs were Aitchison, Imperati, Paull, Barnett & Sherwood, Portland.

Leslie Roberts, Portland, argued the cause for respondents. With her on the brief were Kell, Alterman & Runstein, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This action arises from the termination of plaintiff's employment as a probationary firefighter by defendant Fire Protection District No. 10 and the denial by defendant Civil Service Commission of his request for a meeting to discuss his termination.[1] The dispositive issue is whether he had a property interest in his employment so that the failure to give him notice and a pretermination hearing violated his right to due process under the Fourteenth Amendment to the United States Constitution. We conclude that he had no protectible property interest. Therefore, we affirm.

Plaintiff was hired as a probationary firefighter in October, 1982. He was to be on probation for 12 months. He experienced problems with his training program. In June, 1983, Ham, as chief, terminated plaintiff's employment on the grounds of inefficiency and incompetence. Plaintiff received no pretermination notice and was not given an opportunity for a hearing. He apparently discussed the reasons for his termination with Ham when he was terminated.

Plaintiff requested a special meeting of the fire district's Civil Service Commission, alleging that his termination was due to prejudice resulting from a personality conflict with a supervisor. *See* ORS 242.712. His request was denied. He requested reconsideration, alleging that his termination was not in good faith and for cause as required by statute and administrative rule. That request was denied. The Commission explained:

"Please be informed that it is not the common nor accepted practice of our Civil Service Commission to honor requests for hearing from probationary firefighters. Our Commission's rules are clear in this regard, whereby probationary employees are not subject to Civil Service."

Plaintiff then filed a petition for writ of review in circuit court, *see* ORS 34.010 *et seq,* alleging that the defendants had failed to follow proper procedures and that they had reached a decision that was unconstitutional and unsupported by substantial evidence. ORS 34.040. He sought a declaratory

---

[1] Powers and Dunford are members of the fire district's Civil Service Commission. Powers is the chairperson, and Dunford is the secretary. Ham is the chief of the fire district.

judgment that he was entitled to due process protections. He also included a claim for damages for violation of his civil rights. 42 USC § 1983. The trial court dismissed the writ of review and granted summary judgment for defendants on plaintiff's remaining claims. By letter opinion, the trial court stated:

"[T]he determination as to whether the petitioner has a protectible interest in his employment, to the extent that any termination would require a hearing, must be resolved as a matter of constitutional due process. Under that analysis, petitioner is entitled to a hearing only if he is able to demonstrate that he has a protectible property or liberty interest in his job. In probationary employment, however, the employee enjoys only a privileged status and not a protectible interest in his job. Therefore, petitioner has no right to a hearing regarding his termination."

Plaintiff makes two primary arguments. First, he argues that he is subject to civil service, ORS 242.704(2), and therefore entitled to the protection of ORS 242.796(1), which provides:

"The tenure of persons subject to civil service shall continue during good behavior and such persons may be dismissed, demoted, suspended without pay or deprived of special privileges only for the following causes * * *."

Second, he argues that, even if ORS 242.796(1) does not give him the right to termination only for cause, thereby creating a property interest, that right arises from Commission Rule 10.5, which provides:

"At any time during the probationary period the Appointing Power may remove an employee whose performance does not meet the required standards, without prior approval; provided, however, that he shall report in writing such removal, and the reasons therefore, to the Commission and to the employee concerned. Such action shall be made *in good faith for cause* and shall not be based on religious, racial or political reasons except where such political activity is in violation of these rules. (242.766)" (Emphasis supplied.)

He argues that the rule creates a property right with its concomitant due process protections. *See Arnett v. Kennedy,* 416 US 134, 94 S Ct 1633, 40 L Ed 2d 15 (1974).

Defendants argue that neither the statute nor the

rule creates any property interest in plaintiff. They rely on ORS 242.766(4):

> "If the person on probation is a new appointee, the appointing power may discharge that person without regard to ORS 242.798 and 242.804 and in a like manner appoint another certified candidate and so continue until a qualified candidate has been found."

ORS 242.798 to 242.804 contain the notice and hearing rights applicable to permanently appointed employes of the fire district. They argue that, as a specific statute, ORS 242.766(4) controls. They also argue that Rule 10.5 grants no rights to plaintiff, but is merely procedural. *See Bishop v. Wood,* 426 US 341, 96 S Ct 2074, 48 L Ed 2d 684 (1976).

■ ■    A procedural right to a hearing is inseparable from the substantive property interest in employment. When there is no property interest or "job tenure," as is usually the case with probationary employes, those employes may be constitutionally terminated with no prior notice or hearing. This rule serves an important public interest by facilitating the expeditious dismissal of unsatisfactory employes. *See Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 511 P2d 854 (1973), *cert den* 417 US 919 (1974); *Board of Regents v. Roth,* 408 US 564, 92 S Ct 2701, 33 L Ed 2d 548 (1972). The existence of a property interest in public employment is determined by reference to state law. *Bishop v. Wood, supra,* 426 US at 344. Thus, in order to establish a violation of his right to due process of law, plaintiff has to demonstrate that some statute, rule or contract confers that property interest. There is no written contract of employment conferring such an interest in this case. *Cf. Maddox v. Clac. Co. Sch. Dist. No. 25,* 293 Or 27, 643 P2d 1253 (1982)(Probationary school teacher with fixed-term contract permitting discharge only in good faith gave property interest in employment); *Fleming v. Kids and Kin Head Start,* 71 Or App 718, 693 P2d 1363 (1984)(Employe manual that was part of oral employment contract and permitted discharge only for cause gave property interest in employment).

■    At first glance, ORS 242.796(1) appears to confer a property interest. Examination of the Civil Service for Fire Fighters Law, ORS 242.702 to 242.824, as a whole, however, indicates that that could not have been the legislature's

intent. That intent, as evidenced primarily by ORS 242.766(4), is to provide a probationary or test period of one year, to be followed by permanent employment with its complement of dismissal rights. We attempt to give effect to all parts of the statute. *See Wampler v. Dept. of State Police,* 224 Or 439, 443, 355 P2d 238 (1960). If we were to hold that ORS 242.796(1) grants probationary firefighters a property interest and, therefore, due process rights, we would render ORS 242.766(4) a nullity. Rather, we construe ORS 242.796(1) in context with the notice and hearing rights accorded permanent employes in ORS 242.798 to 242.804. The property interest, or right to be terminated only for cause, is vouchsafed only to permanent employes. Plaintiff is not a permanent employe.[2]

■ Neither can plaintiff rely on Rule 10.5. That rule is a hortatory directive to the appointing power that employes should not be terminated in bad faith or without a reason. *See Bishop v. Wood, supra,* 426 US at 346. Its purpose is to protect the civil service generally, not petitioner specifically, because the civil service system suffers when satisfactory employes are terminated. Further, it is apparent from other sections of the rules that petitioner has no job tenure. Rule 2.1 defines "probationary period" as:

> "[A] working test period of twelve months during which an employee is required to demonstrate by actual performance of the duties his fitness for the position."

Finally, assuming that the Commission *could* adopt a rule granting a substantive right that is not supported by the statute, *see* ORS 242.724(1),[3] Rule 10.5 cites as its authority ORS 242.766. It was clearly not the intent of the Commission, nor could it have been plaintiff's reasonable expectation, that

---

[2] In *Papadopoulos v. Bd. of Higher Ed., supra,* 14 Or App at 159, we noted in *dictum:*

> "Firemen, after serving a 12-month probationary period, ORS 242.766(1), achieve permanent job security, ORS 242.768(1), and thereafter can only be discharged 'for cause,' ORS 242.796, 242.798 * * *."

[3] ORS 242.724(1) provides:

> "The commission shall make suitable regulations not inconsistent with ORS 242.702 to 242.824 to carry out the provisions thereof. The regulations shall provide in detail the manner in which examinations shall be held, and appointments, promotions, suspensions and discharges shall be made."

he would receive tenure at the time he was hired. It follows that the trial court was correct in dismissing the writ of review and in granting summary judgment on plaintiff's remaining claims, all of which were premised on the existence of that property interest.[4]

Affirmed.

---

[4] We have considered and find no merit in plaintiff's other arguments.