Argued and submitted June 21, 1991, affirmed on appeal and on cross-appeal March 11, reconsideration denied May 13, petition for review denied May 26, 1992

(313 Or 299)

William GILBERT,
*Appellant - Cross-Respondent,*

*v.*

TEKTRONIX, INC.,
*Respondent - Cross-Appellant.*

(89-0323CV; CA A65073)

827 P2d 919

J. Randolph Pickett, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Jacklyn M. Bartruff, Portland, argued the cause for respondent - cross-appellant. With her on the briefs were Christine Kitchel, Mary K. VanderWeele and Stoel, Rives, Boley, Jones & Grey, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

After being terminated from his position, plaintiff brought this action against defendant employer for breach of an employment contract and age discrimination. The trial court dismissed the age discrimination claim, and he does not assign error to that decision. At the close of the evidence, the trial court denied defendant's motion for a directed verdict on the breach of contract claim. The jury returned a verdict for plaintiff and awarded damages of $40,000. However, the court granted defendant's motion for judgment *n.o.v.* and denied its alternative motion for a new trial. The court then entered a final judgment for defendant, and plaintiff appeals. We affirm.

Plaintiff began working for defendant in 1961. At the time of his termination in 1988, he occupied a managerial position. During his employment with defendant, plaintiff received an employee handbook that provided, in part:

"Employees are involuntarily terminated from [defendant] *only after careful consideration.* There are generally two reasons for [defendant] to involuntarily terminate an employee. The first is as a disciplinary action related to one of the following:

" — *unacceptable behavior or continued unacceptable performance* (generally, the employee will have been warned or disciplined, and will have had an opportunity to improve to an acceptable level)." (Emphasis supplied.)

In August, 1988, defendant gave plaintiff a letter that placed him on 30 days' probation. The letter identified specific problems with plaintiff's performance and the steps that he would need to take to keep his position. At the end of the probationary period, defendant determined that plaintiff would be terminated, because he had failed to correct the problems.

The jury found that an employment contract existed between the parties, that the contract had been breached and that plaintiff had incurred damages. In granting the judgment *n.o.v.*, the trial court relied on *Simpson v. Western Graphics*, 293 Or 96, 643 P2d 1276 (1982), and held that defendant had the unilateral right to determine whether it had given the termination decision "careful consideration"

and to determine whether plaintiff's behavior or performance was unacceptable.

Plaintiff argues that the trial court misconstrued *Simpson*. We disagree. That case held that, even if an employer unilaterally imposes a restriction on its power to terminate an employee at will, it has the right to determine whether facts constituting compliance with that restriction exist, if it has not transferred that right to some other arbiter. 293 Or at 100-01. However, the employer must make the determination in good faith, "based on facts reasonably believed to be true and not for any arbitrary, capricious, or illegal reason." 293 Or at 99. In *Fleming v. Kids & Kin Head Start*, 71 Or App 718, 693 P2d 1363 (1985), we declined to extend the *Simpson* rule to allow employers to perform the judicial function of defining ambiguous contractual terms.

Plaintiff argues that the trial court improperly permitted defendant to assume the judicial function of construing ambiguous contractual terms. However, at trial, plaintiff made no argument regarding the meaning of the contract; he sought only to prove that defendant did not terminate him after careful consideration and that his behavior and performance were acceptable. Because the only dispute on appeal concerns the sufficiency of the evidence, *Fleming* does not apply.

Turning to the sufficiency of the evidence — the dispositive issue in this case — we conclude that there is evidence to support the jury's finding that an employment contract existed between the parties. *See Zacker v. North Tillamook County Hospital Dist.*, 107 Or App 142, 144, 811 P2d 647, *rev den* 312 Or 151 (1991). However, we hold that there is no evidence to support the jury's finding that the contract had been breached and that, therefore, judgment *n.o.v.* for defendant is appropriate. *See Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 356 n 8, 788 P2d 428 (1990).

The handbook provides:

"[Defendant] intends to have a lasting relationship with its permanent employees. [Defendant] also recognizes that not all employees will have a long-term relationship with the company and that *either party may wish to terminate the*

*relationship at some time. [Defendant] intends to preserve the
right of either party to do so.*

"* * * * *

"An employee who feels his or her involuntary termina-
tion is unwarranted can make use of the Review Process and
ask that management review their decision. All disputes and
procedures have to end somewhere, however. For this rea-
son, *[defendant] reserves the discretion to determine whether
in our judgment the termination, or any other disciplinary
action, was justified.*"[1] (Emphasis supplied.)

It is clear from that language that defendant retained the
right to discharge its employees at any time and for any
reason and to determine whether its action was "justified."
Further, there is no evidence that the parties made an express
or implied agreement modifying the at will employment rela-
tionship. *Simpson v. Western Graphics, supra,* 293 Or at 101;
*Zacker v. North Tillamook County Hospital Dist., supra,* 107
Or App at 145.

The handbook also provides that termination will
result only after "careful consideration." Even assuming
that that provision could be construed as a modification of the
at will employment relationship, plaintiff did not prove a
breach of contract, because defendant had expressly retained
the unilateral right to make the factual determination of
whether it had given the termination decision careful consid-
eration and whether termination was justified and because
plaintiff did not present any evidence that defendant acted in
bad faith. *See Simpson v. Western Graphics, supra,* 293 Or at
99. In his testimony, plaintiff conceded that defendant
believed that it had made those determinations and that
defendant believed, in good faith, that plaintiff's performance
was unacceptable. Plaintiff simply disagreed with defen-
dant's conclusions. Because there is no evidence that defen-
dant acted in bad faith, there is no evidence to support the
verdict that the contract had been breached.

Plaintiff's other arguments do not merit discussion.
Accordingly, we conclude that the trial court appropriately
granted judgment *n.o.v.* for defendant. Because our decision

---

[1] There is no evidence in the record that plaintiff availed himself of the review
procedures referred to in the employee handbook.

to affirm the trial court's decision is dispositive, defendant's cross-appeal does not require discussion.

Affirmed on appeal and on cross-appeal.