Argued and submitted July 5, 1994, affirmed February 15, petition for review denied
April 18, 1995 (321 Or 47)

Steve MOBLEY,
*Appellant,*

*v.*

MANHEIM SERVICES CORPORATION,
a Delaware corporation,
doing business in Oregon as
Portland Auto Auction,
*Respondent.*

(9212 08255; CA A81680)

889 P2d 1342

Tomas Finnegan Ryan argued the cause and filed the briefs for appellant.

David J. Sweeney argued the cause for respondent. On the brief were Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff appeals from a summary judgment on his claim for breach of an employment contract. We affirm.

The following relevant facts are not in dispute. Plaintiff began work for General Electric Corporation as an auto body painter in 1988. At the time he was hired, his employer adopted and maintained a "Code of Conduct" booklet, which set out the terms and conditions of employment. The Code of Conduct contains, among other things, a declaration that the objective of any disciplinary action is to improve performance, and a provision that, upon receiving four disciplinary warnings, an employee will be terminated. It also contains this disclaimer:

> "I understand that the Code of Conduct is a general guide and that the provisions of the Code of Conduct do not constitute an employment agreement (contract) or a guarantee of continued employment. As I have the right to resign at any time for any reason, the company may terminate me at any time for any reason."

In 1991, defendant purchased the business and became plaintiff's employer. Defendant did not rescind or modify the Code of Conduct.

In late 1991, Romig, another employee, filed an action against defendant for sexual harassment. Unbeknownst to plaintiff, Romig said in a deposition that plaintiff could testify in support of her claim. A month later, defendant fired plaintiff, at least ostensibly because he had continued to work overtime without permission. Plaintiff sued defendant for breach of employment contract. According to plaintiff's complaint, defendant breached its employment contract with him by terminating him without following the disciplinary procedures set out in the Code of Conduct.

Defendant moved for summary judgment, arguing that it is entitled to judgment as a matter of law because of the disclaimer in the Code of Conduct that permits defendant to terminate its employees at any time and for any reason. Plaintiff asked for an extension of time to file a response to the motion. According to plaintiff, he had just discovered the fact that Romig had earlier testified that plaintiff could be an adverse witness to defendant in Romig's sexual harassment

lawsuit, and he thought it was possible that the evidence would show that he was wrongfully terminated because of that. When he finally argued against the summary judgment motion, however, plaintiff did not assert that Romig's testimony might support a claim for wrongful termination. He opposed the motion solely on the grounds that summary judgment was inappropriate, because the language of the Code of Conduct is ambiguous and requires further evidence as to whether the parties intended progressive discipline to precede termination, and because there was evidence that defendant acted in bad faith in terminating him. The trial court granted defendant's motion.

Meanwhile, on the day that the trial court heard argument and ruled on the summary judgment motion, plaintiff filed a motion to amend his complaint to add a claim for wrongful termination, based on the Romig testimony. Defendant opposed that motion, arguing that it was untimely, because summary judgment had just been granted in defendant's favor. At the hearing on the motion to amend, plaintiff explained that he did not say anything about the motion to amend at the summary judgment hearing, because he thought it was "a separate issue and not before the court." He further explained that he could not have filed the motion to amend earlier, because the evidence was "newly discovered." The trial court denied the motion.

On appeal, plaintiff assigns error to the trial court's rulings on both the motion for summary judgment and the motion to amend.

■　We begin with plaintiff's assignment concerning the trial court's entry of summary judgment in favor of defendant. We review the record in the light most favorable to plaintiff to determine whether defendant demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

■　Plaintiff argues that the trial court erred in granting summary judgment for two reasons. First, plaintiff argues that there was a genuine issue of material fact as to whether the Code of Conduct permits termination only after following

certain progressive discipline procedures. Plaintiff acknowledges the general rule that an employer may discharge an employee at any time, for any reason, unless doing so violates a contractual, statutory or constitutional requirement. *Patton v. J. C. Penney Co.*, 301 Or 117, 120, 719 P2d 854 (1986). He argues that, in this case, there is a contractual provision in the Code of Conduct that provides for termination if an employee receives four or more disciplinary warnings and that, consequently, the general rule of "at will" employment does not apply. He does not dispute that the Code of Conduct also contains the disclaimer on which defendant predicated its summary judgment motion. Plaintiff simply argues that the language of the disclaimer creates an ambiguity and, because "[i]t is inherently unreasonable," cannot be considered conclusive. We disagree.

The issue turns on the construction of the Code of Conduct. Whether the language of the Code of Conduct is ambiguous is a question of law. If the language is ambiguous, then the determination of the parties' intentions with respect to that ambiguous language is a question of fact. Generally, the construction of ambiguous language cannot be accomplished on a motion for summary judgment. *Biomass One, L.P. v. S-P Construction (A68622)*, 120 Or App 194, 200, 852 P2d 847 (1993).

In this case, the Code of Conduct contains language that the receipt of four disciplinary warnings will result in discharge. However, it also contains language that plainly characterizes the references to disciplinary warnings as a "general guide," and that provides that the Code of Conduct "[does] not constitute an employment agreement" and that "the company may terminate [its employees] at any time for any reason." There is nothing ambiguous about that language. It is, in fact, quite similar to the language we held unambiguous as a matter of law in *Gilbert v. Tektronix, Inc.*, 112 Or App 34, 827 P2d 919, *rev den* 313 Or 299 (1992). In that case, the employer maintained an employee handbook that spelled out various employment policies and concluded with the following:

> " '[The employer] intends to have a lasting relationship with its permanent employees. [The employer] also

recognizes that not all employees will have a long-term relationship with the company and that *either party may wish to terminate the relationship at some time. [The employer] intends to preserve the right of either party to do so.*' " 112 Or App at 37. (Emphasis theirs.)

The plaintiff sued the employer for breach of the employee handbook, and the jury returned a verdict for the plaintiff. The trial court, however, granted judgment *n.o.v.* on the basis of the disclaimer in the handbook that unambiguously preserved the employer's rights to terminate the plaintiff at any time for any reason. We affirmed, concluding that the trial court correctly held that the contract defeated the plaintiff's breach of employment contract claim as a matter of law. 112 Or App at 38-39. For the same reason, the trial court in this case did not err in reaching the same conclusion concerning the Code of Conduct.

■     Plaintiff's second basis for asserting that the trial court erred in granting summary judgment is that there is a genuine issue of material fact as to whether defendant terminated him in bad faith. According to plaintiff, under the rule of *Simpson v. Western Graphics*, 293 Or 96, 643 P2d 1276 (1982), an employer may terminate an employee only if it has a good faith basis for doing so. We disagree.

Plaintiff's argument is directly at odds with *Sheets v. Knight*, 308 Or 220, 233, 779 P2d 1000 (1989), in which the Supreme Court observed that it

"has never held that a duty of good faith and fair dealing applies to at-will-employment contracts, insofar as the right to discharge at will is concerned,"

and declined to do so for the first time in that case. *Simpson v. Western Graphics, supra,* is not to the contrary. In that case, an employee handbook provided that the employer could terminate an employee only for "just cause." The Supreme Court recognized that, when an employer terminates an employee for "just cause," there must be some evidence of the existence of facts justifying the termination, which the employer believes and acts on in good faith. 293 Or at 99-101. In this case, there is no just cause provision in the Code of Conduct. Rather, the Code of Conduct expressly preserves the right of the employer to terminate an employee for any

reason. *Simpson* is inapposite. *Sheets* is not. The trial court did not err in entering summary judgment for defendant.

■■ We turn to plaintiff's contention that the trial court erred in failing to grant his motion to amend his complaint to add a claim for wrongful termination. We review that ruling for abuse of discretion. *Hall v. Fox*, 106 Or App 377, 380, 808 P2d 99 (1991). Plaintiff argues that, under *Hussey v. Huntsinger*, 72 Or App 565, 696 P2d 580 (1985), if the record on summary judgment discloses facts that would justify amendment of his complaint to add a new claim, then the complaint automatically must be deemed amended. That is not a correct reading of the case.

In *Hussey*, the plaintiff brought an action for outrageous conduct against SAIF and its attorney arising out of their attempts to collect a judgment against the plaintiff. In her complaint, the plaintiff alleged that "on or before September 30" she gave the defendants the required tort claim notice. The defendants moved for summary judgment on the ground that the plaintiff had failed to give the required tort claim notice on or before September 30. The plaintiff responded with evidence that, although she did not give tort claim notice on or before September 30, as she had alleged in her complaint, she did give the required notice after that date. The defendants objected to the introduction of any such evidence, arguing that her proof should be limited to the allegations of her complaint. The trial court agreed and entered summary judgment in favor of the defendants. We reversed, holding that the evidence the plaintiff submitted in opposition to the summary judgment motion justified treating the complaint as if it had been amended, for the purposes of responding to the summary judgment motion. 72 Or App at 569.

This case is different. In opposing defendant's motion for summary judgment, plaintiff proffered no argument that the evidence supported a claim for wrongful termination and made no request to amend his complaint to add such a claim. Although plaintiff had filed a motion to amend the day of the hearing on defendant's summary judgment motion, plaintiff said nothing about his motion at the hearing. Instead, he waited until after he lost the summary judgment motion to bring the matter to the court's attention.

Thus, there was no basis for the trial court to apply the rule of *Hussey*. By the time plaintiff informed the court of his motion to amend, the court had already announced its decision to enter summary judgment in favor of defendant.

Plaintiff insists that his motion to amend nevertheless should have been granted, because it was based on newly discovered evidence. The "newly discovered" evidence, however, was known to plaintiff as early as his request for an extension of time to respond to the summary judgment motion, and certainly by the date of the hearing on the motion. Plaintiff's only explanation for failing to bring it to the court's attention at that hearing was that he thought it was not the proper time to raise it. Under the circumstances, we cannot say that the trial court abused its discretion.

Affirmed.