Argued and submitted December 5, 1997, affirmed June 10, petition for review
denied September 29, 1998 (327 Or 553)

PAUL GABRILIS, INC.,
dba Rock Creek Country Club, Inc.,
an Oregon corporation,
*Appellant,*

*and*

Loren and Donna BOSSHARD,
husband and wife;
Sam and Hope Campagna, husband and wife;
Donald and Naomi Davidson, husband and wife;
and Donna Bodtker,
*Intervenors-Respondents,*

*v.*

Joe DAHL;
Peggy Dahl; Scott Osborn and David Bodtker,
*Respondents,*

*and*

PAUL GABRILIS, INC.,
dba Rock Creek Country Club,
an Oregon corporation,
*Intervenor-Appellant.*

(D950915CV; CA A94285)

961 P2d 865

Glen McClendon argued the cause for appellant - intervenor-appellant. With him on the briefs were Gilion C. Ellis and Lindsay, Hart, Neil & Weigler.

Michael A. Cox argued the cause and filed the brief for respondents - intervenors-respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals the trial court's grant of defendants' motion for summary judgment in a dispute over plaintiff's unilateral termination of defendants' memberships in a country club owned and operated by plaintiff.[1] We review in accordance with ORCP 47 C and affirm.[2]

Plaintiff purchased the Rock Creek Country Club in 1991. At that time, defendants all held membership agreements with the club that they had entered into with the club's previous owner, the Moschetti Corporation. Defendants had entered into those membership agreements with the understanding that the initiation fee of $1,000 for each membership would be used as start-up capital by the corporation to purchase and renovate property that, before that time, had been a public golf course. As a condition of the sale of the country club to plaintiff, plaintiff agreed to assume Moschetti's obligations under the membership agreements. Although the agreements are not all identical, the provisions pertinent to this appeal are the same. They provide:

"The member and all eligible members of his or her household shall at all times be subject to general rules to be adopted from time to time by the owner and a majority of the membership for the operation and use of club facilities.

"Neither the owner nor the membership majority have the right to adopt rules or regulations not applicable equally to all members and their families, but *this restriction shall not prevent the owner from restricting any person*

---

[1] Plaintiff brought an action in trespass against defendants, who had continued to use the country club facilities after plaintiff informed them that it had terminated their membership agreements. After the action was commenced, other club members whose memberships had been terminated moved to intervene. That motion was granted. Those plaintiff-intervenors share the interests of defendants and are, therefore, included in any references to defendants.

[2] ORCP 47C provides, in part:

"[Summary judgment] shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. No genuine issue of material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

*whomsoever from use of the club facilities who fails or refuses to abide by club rules and regulations or who conducts himself or herself in such a manner as to annoy or harass the members or their families, or to restrict the enjoyment of the club facilities by other members, and such conduct may result in the suspension of the use of such facilities by any such offending member by either the owner or the majority of the club membership.*

"* * * * *

*"In the event that owner wishes to sell the club property to others at any time, it is agreed that this agreement must be a condition of the sale. It is also agreed that the offer of sale shall be submitted to the club membership on the same terms and for the same consideration offered to others or another with the option to purchase the same on identical terms and for an identical price as proposed to be offered.*

"* * * * *

"Owner may establish rules for the payment of dues, including due dates therefor, and shall have the right to disclose delinquency for nonpayment of dues *and to terminate membership therefor based upon such rules* and may include in such rules standards for reinstatement of any membership terminated for such nonpayment.

"* * * * *

*"A member may transfer by sale or assignment to another named person his membership, and the license for use of the club facilities as hereinabove set forth and limited shall pass by said transfer*[.]"[3]

(Emphasis supplied.)

In early 1995, plaintiff notified defendants that it had terminated their membership privileges. Along with the notice of termination, plaintiff refunded defendants' initiation fees and unused dues. Plaintiff did not give a reason for the decision to terminate the memberships. Defendants returned the refunded fees and dues to plaintiff and expressed their intention to continue to use the club facilities.

---

[3] The agreement also provided for the transfer of the membership in the event of divorce. In that case, the membership, unless otherwise ordered by the court, would be given to "the person occupying the residence of the named member following entry of the decree."

Plaintiff then brought this action for trespass against defendants, who moved for summary judgment on the ground that their membership agreements were still in effect, because plaintiff did not have the right unilaterally to terminate them. Plaintiff argued that, because the agreements had no definite term on their duration, the agreements were terminable at will by either party. The trial court concluded that the language of the agreements was inconsistent with plaintiff's interpretation and, accordingly, granted defendants' motion for summary judgment.[4]

■     Plaintiff assigns error to the trial court's conclusion that it could terminate defendants' memberships for cause only. Specifically, plaintiff argues that the agreements are mere licenses, revocable at any time, because they do not contain language designating them as perpetual.[5] In response, defendants contend that the language of the contract indicates that the parties intended the memberships to last for as long as membership dues were paid. Defendants point to the provisions that permit the transfer and assignment of the memberships as well as to the provisions setting forth grounds for suspension or termination. We agree with defendants.

"When considering a written [contract], the court's first inquiry is what the words of the contract say, not what the

---

[4] In a letter opinion dated February 5, 1996, the trial court granted defendants' motion for summary judgment but declined to order the declaratory and injunctive relief sought by defendants in their first counterclaim and by intervenor-plaintiffs in their first claim. However, in its final judgment dated July 1, 1996, the trial court granted the declaratory and injunctive relief, ordering plaintiff to reinstate defendants' memberships and declaring that the memberships were terminable only for failure to pay dues or to abide by club rules. Nevertheless, both plaintiff and defendants agree that that portion of the trial court's judgment is not part of the present appeal.

[5] Plaintiff further argues that it would be inequitable to allow defendants to relinquish their memberships at will, yet not to allow the club to terminate memberships except for cause. It is true that, in some cases, a contract that allows one party to cancel at will but binds the other party to cancel only for cause might be considered illusory. *See, e.g., Corbitt v. Salem Gas Light Co.*, 6 Or 405, 407 (1876) (contract that contains promise by one party without concurrent obligation by second party is illusory). In this case, however, defendants could not relinquish their memberships without also relinquishing a valuable right. Thus, defendants have an incentive to maintain the contractual relationship, which would continue to have value through transfer of the membership to another party who would then assume the membership obligation.

parties say about it. To determine that, the court looks at the four corners of [the] written contract, and considers the contract as a whole with emphasis on the provision or provisions in question. * * * In the absence of an ambiguity, the court construes the words of [the] contract as a matter of law."

*Eagle Industries, Inc. v. Thompson*, 321 Or 398, 405, 900 P2d 475 (1995) (citations omitted). Moreover,

"[i]n the construction of an instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; *and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all.*"

ORS 42.230 (emphasis supplied).

■ Plaintiff argues that, because the membership agreements are silent as to duration, they are terminable at will. To support that argument, plaintiff relies on statements in *Lund v. Arbonne International, Inc.*, 132 Or App 87, 90, 887 P2d 817 (1994), and *Fleming v. Kids and Kin Head Start*, 71 Or App 718, 722-23 n 1, 693 P2d 1363 (1985), reciting the general proposition that contracts that are for an indefinite period may be terminated at will with reasonable notice. Plaintiff's reliance on that general rule is misplaced. It is true that if there is nothing in the nature or language of a contract to indicate that the contract is perpetual, courts will interpret the contract to be terminable at will on reasonable notice. Nevertheless, where provided for, perpetual agreements will be enforced according to their terms. *Council of Jewish Women v. Sisters of Charity*, 266 Or 448, 456, 513 P2d 1183 (1973). All the circumstances of each case must be considered in reaching a conclusion on the intended duration of the contract. *Id.*

■ In this case, the membership agreements contain a number of express provisions that, taken together, lead us to conclude that the memberships in the country club were intended to be perpetual, in force so long as the members continued to pay their dues and to abide by the club's rules. First and foremost, each member paid a substantial initiation fee in addition to monthly dues. Nowhere in the agreement is

there a provision covering the fate of that fee should the membership be terminated. Although plaintiff attempted to refund defendants' initiation fees and uses the attempted refund to support his argument that the memberships were mere licenses, we cannot find any language in the contract that would lead a party to believe that the initiation fee was refundable. From that, we conclude that the parties did not intend the fee to be refundable and that, in turn, leads us to conclude that the parties intended the fee to secure more than a mere license that is revocable at any time.

Second, members are given the right of first refusal in any proposed sale of the club. If the club is sold, the buyer must agree to accept the owner's obligations under the membership agreements. Members may sell or transfer their memberships. In the event of divorce, the membership is subject to court disposition as marital property. None of those provisions is consistent with a revocable license. *Cf. Strandholm v. Barbey*, 145 Or 427, 440, 26 P2d 46 (1934) ("The right conferred by a license upon the licensee is generally personal to him, and, therefore, is not the subject of transfer.").[6] Third, and finally, the agreement sets out situations in which members can have their memberships suspended or terminated. Although the inclusion of grounds for termination in an agreement is not always a sign that the agreement can be terminated only for cause, the inclusion of such a provision strongly suggests that it is.

Because the membership agreements contain a number of provisions inconsistent with a conclusion that the agreement is terminable at will, we hold that the trial court correctly concluded that the agreements could be terminated only for cause. Because plaintiff based its action for trespass on the fact that it had terminated defendants' membership agreements, and because plaintiff did not offer any evidence that those agreements were terminated for cause, the trial

---

[6] Plaintiff argues that because the agreement describes the memberships as "licenses," we are required to treat them as such. We disagree. The use of a particular term does not, of itself, automatically determine the nature of the relationship. *Sproul v. Gilbert*, 226 Or 392, 402, 359 P2d 543 (1961).

court did not err in granting defendants' motion for summary judgment.

Affirmed.