RICHARD BELL, DBA LIBERTY REALTY, APPELLANT/CROSS-RESPONDENT, *v.* ROBERT LEVEN, SANDY LEVEN, RSV LIMITED PARTNERSHIP, A NEVADA LIMITED PARTNERSHIP, RESPONDENTS/CROSS-APPELLANTS.

No. 36193

June 11, 2004

90 P.3d 1286

*Gordon & Silver, Ltd.,* and *Eric R. Olsen* and *Matthew C. Zirzow,* Las Vegas, for Appellant/Cross-Respondent.

*David K. Winter,* Zephyr Cove, for Respondents/Cross-Appellants.

Before ROSE, MAUPIN and DOUGLAS, JJ.

# OPINION

*Per Curiam:*

In this appeal, we consider whether perpetual contracts are enforceable. We hold that when the express language of a contract provides that the contract has a perpetual duration, such language must be enforced. Accordingly, we reverse the district court's ruling that the perpetual duration clause in this contract was not legally sufficient, and remand this case for retrial.

## FACTS

On April 17, 1992, Sandy Leven and Richard Bell, d/b/a Liberty Realty, executed a written agreement whereby Sandy agreed to procure co-op real estate agents for Liberty Realty. Sandy agreed to pay all costs in connection with advertising and procuring co-op agents, and Bell agreed to pay Sandy $50 per month for each co-op agent who became associated with Liberty Realty. The agreement stated that "[t]he term of this agreement is perpetual or until terminated by mutual consent [of] all parties."

Sandy and her husband Robert worked together to procure co-op agents for Liberty Realty. At some point, the couple formed RSV Limited Partnership. In July 1997, Robert, as general partner of RSV Limited Partnership, drafted a royalty agreement for Bell's approval. The terms of the 1997 agreement were substantially similar to those contained in the 1992 agreement, with the exception of the terms relating to co-op fees and the calculation of the amount Liberty Realty would pay RSV for the co-op agents associated with Liberty Realty. The 1997 agreement was signed only by Robert, on behalf of RSV. Despite the fact that Bell never signed the 1997 agreement, he did perform pursuant to its terms until December 1998.

In December 1998, Bell, through counsel, sent a letter to Robert, as general partner of RSV, stating that he would no longer pay according to the terms of the agreement because it had become apparent that a substantial number of the co-op agents associated with Liberty Realty came to Liberty Realty through no efforts or referrals on the part of RSV. Bell claimed that RSV's performance was lacking and stated that he would be instituting litigation to recover alleged overpayments.

In response, Robert wrote a letter contending that Bell was in breach of contract by refusing to make royalty payments as agreed. Robert also claimed that the agreement did not require any particular quantity or quality of performance on RSV's part, and that he expected Bell to pay the royalties owed.

Thereafter, Bell filed a complaint against respondents, Sandy and Robert Leven and RSV, requesting a declaratory judgment regarding the validity and enforceability of the parties' agreement. Additionally, the complaint alleged unjust enrichment and breach of contract claims. In response, respondents asserted several counterclaims, including breach of contract claims.

Before holding a trial on the merits, the district court addressed Bell's request for a declaratory judgment. Following presentation of evidence by both parties, the district court concluded that the 1992 agreement was ongoing and all of the clauses contained therein were enforceable, with the exception of the clauses superseded by the 1997 agreement. The district court acknowledged that Bell did not sign the 1997 agreement, but concluded that Bell ratified the 1997 agreement through his performance in compliance with its terms. The district court also concluded that the perpetual duration clause in the agreement did not provide a legally sufficient duration, and thus, determined that the duration of the agreement was for a reasonable period of time. Consequently, the jury was left to determine whether Bell's termination of the agreement in 1998 was reasonable, and if not, to determine the appropriate damages.

Following the district court's ruling, Bell withdrew his remaining claims for relief, believing they were rendered moot by the district court's ruling. Also, respondents withdrew several of their counterclaims, leaving only their counterclaims for breach of contract for non-payment and for unreasonable termination of the agreement.

At the close of the trial, the jury returned a unanimous verdict in favor of respondents in the amount of $386,100.

## DISCUSSION

Both sides argue that the district court's ruling regarding the duration of the agreement was erroneous. Bell argues that the district court was correct in ruling that the contract could not last in perpetuity, but was mistaken in resolving that the question for the jury to determine was whether the agreement lasted for a reasonable period of time. Instead, Bell maintains that the jury should have been instructed to determine whether he gave reasonable notice of his intent to terminate the agreement. Conversely, respondents argue that the district court's ruling that the perpetual duration clause in the contract was invalid was erroneous as a matter of law.

We have never addressed the enforceability of a perpetual duration clause in a contract for services; therefore, we must review this question of law de novo.[1] Several courts have addressed the va-

---

[1]*SIIS v. United Exposition Services Co.,* 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).

lidity of perpetual contracts and have held that such contracts are enforceable when it is clear that the parties intended to enter into a perpetual agreement.[2]

For example, the Oregon Court of Appeals has declared that ''where provided for, *perpetual* agreements will be enforced according to their *terms.*''[3] Likewise, the Missouri Court of Appeals has observed that '' 'where the intention to [impose a perpetual obligation] is *unequivocally* expressed, the contract will be upheld.' ''[4] Also, the Fifth Circuit Court of Appeals has stated that '' 'the construction of a contract conferring indefinite duration is to be avoided *unless compelled by the unequivocal language of the contract.*' ''[5]

We agree that as a matter of public policy, courts should avoid construing contracts to impose a perpetual obligation. However, when the language of a contract clearly provides that the contract is to have a perpetual duration, the courts must enforce the contract according to its terms.[6]

Here, the agreement expressly provided that it was to endure perpetually or until terminated by mutual consent of all parties. Yet, the district court disregarded the plain language of the agreement by ruling that the perpetual duration clause was invalid, and that the agreement could thus be terminated after a reasonable period of time. As a result of this erroneous ruling during the declaratory judgment portion of the trial, the district court improperly instructed the jury during the fact-finding portion of the trial. The jury was instructed as follows:

> The Court has determined that the 1992 Agreement as modified by paragraphs 4 and 5 of the 1997 Agreement is enforce-

---

[2]*Delta Services & Equipment v. Ryko Mfg. Co.*, 908 F.2d 7, 9 (5th Cir. 1990); *Paul Gabrilis, Inc. v. Dahl*, 961 P.2d 865, 868 (Or. Ct. App. 1998); *Preferred Phys. Mut. v. Risk Retention Etc.*, 961 S.W.2d 100, 103 (Mo. Ct. App. 1998).

[3]*Paul Gabrilis, Inc.*, 961 P.2d at 868 (emphasis added).

[4]*Preferred Phys. Mut.*, 961 S.W.2d at 103 (quoting *Paisley v. Lucas*, 143 S.W.2d 262, 270-71 (Mo. 1940) (alteration in original)) (emphasis added).

[5]*Delta Services & Equipment*, 908 F.2d at 9 (quoting *Besco, Inc. v. Alpha Portland Cement Co.*, 619 F.2d 447, 449 (5th Cir. 1980)).

[6]*See Musser v. Bank of America*, 114 Nev. 945, 949, 964 P.2d 51, 54 (1998) (''A basic rule of contract interpretation is that '[e]very word must be given effect if at all possible.' '' (quoting *Royal Indem. Co. v. Special Serv.*, 82 Nev. 148, 150, 413 P.2d 500, 502 (1966))); *Shoen v. Amerco, Inc.*, 111 Nev. 735, 743, 896 P.2d 469, 474 (1995) (observing that contracts ''should be construed to give effect not only to the intention of the parties as demonstrated by the language used, but to the purpose to be accomplished and the circumstances surrounding the execution of the agreement'').

able on its terms, and could be terminated after a reasonable period of time because the 1992 Agreement was for an indefinite period. You must decide whether the 1992 Agreement has continued for a reasonable time when it was terminated in December 1998. If you determine that the 1992 Agreement was terminated before a reasonable time had passed, then you must decide whether or not the Counterclaimant is entitled to damages and what amount of damages is appropriate.

Instead, the jury should have been instructed that the agreement was perpetual, and that it could award damages accordingly if it found that the agreement was not terminated for cause.[7]

Because the district court erroneously ruled that the agreement's perpetual duration clause was invalid and consequently instructed the jury improperly, the judgment must be reversed and this case remanded for retrial. Having so concluded, we need not address Bell's remaining arguments or respondents' argument that the district court erred in denying their motion for attorney fees as the prevailing party.

## CONCLUSION

Given our holding that perpetual contracts are enforceable as a matter of law, and our conclusion that the agreement in this instance contained an unambiguous perpetual duration clause, the district court's ruling was erroneous. Accordingly, we reverse the judgment and remand this case for retrial on all issues framed by the pleadings.

---

[7]*See Paul Gabrilis, Inc.,* 61 P.2d at 868 (concluding that the membership agreements were intended to be perpetual and, thus, could only be terminated for cause).