Kevin S. CURTIS, Plaintiff—Appellant,

v.

CITY OF REDMOND, an incorporated subdivision of the State of Oregon; Michael Patterson, City Manager of the City of Redmond, in his official capacity and as an individual, Defendants—Appellees.

No. 06–36100.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 17, 2008.

George P. Fisher, Esquire, Portland, OR, for Plaintiff–Appellant.

Janet M. Schroer, Hoffman Hart & Wagner, LLP, Portland, OR, for Defendants–Appellees.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.*

### MEMORANDUM **

Kevin S. Curtis appeals the district court's grant of summary judgment to de-fendants City of Redmond, Oregon, and Michael Patterson in his 42 U.S.C. § 1983 and breach of contract suit. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### I. Curtis' Claims Against Patterson

*A. Curtis' Property Interest Claim under the Due Process Clause of the Fourteenth Amendment*

Procedural due process protections extend only to those property interests created by an "independent source, such as state law." *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Lawson v. Umatilla County,* 139 F.3d 690 (9th Cir.1998). Under Oregon law, a property right to continued employment can be created by a statute or regulation giving a public employee tenure rights, *see Brady v. Gebbie,* 859 F.2d 1543, 1549 (9th Cir.1988) (quoting *Papadopoulos v. Or. St. Bd. of Higher Ed.,* 14 Or.App. 130, 511 P.2d 854, 872 (1973)), or by personnel policies adopted by a city official, *see Brunick v. Clatsop County,* 204 Or. App. 326, 129 P.3d 738, 742 (2006). Curtis does not point to any statute or regulation that granted him tenure in his employment with the City of Redmond. *See Brady,* 859 F.2d at 1549. Nor can Curtis success-fully argue that the City of Redmond Employee Handbook granted him a property interest in his job, because the handbook contained a disclaimer that maintained Curtis' at-will employment status. *See Lawson,* 139 F.3d at 693 ("Oregon courts have consistently held that a disclaimer in an employee handbook or personnel policies is sufficient to retain an employee's at-will status."). At-will employees have no property interest in their employment.

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993).

Because Curtis has failed to establish a property interest in his continued employment, we need not decide whether the district court erred in giving legal effect to his resignation.

### B. Curtis' Liberty Interest Claim under the Due Process Clause of the Fourteenth Amendment

Curtis does not seriously contest the court's rejection of Curtis' claim that Patterson released stigmatizing information about him. His brief cites no legal authority on this issue. We decline to disturb the magistrate judge's findings in the absence of any legal authority suggesting that it was incorrect. *See* FED. R.APP. P. 28(a)(9); *Ind. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003).

### C. Curtis' Fourth Amendment Claim

Curtis fails to cite any legal authority that would hold Patterson vicariously liable for Lieutenant Maich's conduct or that would support his argument that Maich's retrieval of property from Curtis' home was a search. We therefore decline to reach Curtis' Fourth Amendment claim. *See* FED. R.APP. P. 28(a)(9); *Ind. Towers of Wash.,* 350 F.3d at 929.

## II. Curtis' Claims Against the City of Redmond

### A. Curtis' Constitutional Claims

The City of Redmond is entitled to summary judgment on each of Curtis' constitutional claims, because "[i]f no constitutional violation occurred, the municipality cannot be held liable." *Long v. City and County*

of *Honolulu,* 511 F.3d 901, 907 (9th Cir. 2007).

### B. Curtis' Breach of Contract Claim

Although the City of Redmond Employee Handbook states that employees are entitled to procedural protections upon termination, and the City of Redmond concedes that Curtis would have been given a hearing as a matter of course, the Handbook also states that it is not an employment contract. Oregon law appears to give effect to such disclaimers, even when employers promise other procedures. *See, e.g., Zacker v. N. Tillamook County Hosp. Dist.,* 107 Or.App. 142, 811 P.2d 647, 649 (1991). The city's standard practice of affording hearings does not create an enforceable contract right that overcomes the unambiguous disclaimer in the Employee Handbook that no contract existed. *See Mobley v. Manheim Servs. Corp.,* 133 Or.App. 89, 889 P.2d 1342, 1345 (1995). Curtis does not point to any authority supporting his contention that the City of Redmond made an enforceable promise. Therefore, the City is entitled to summary judgment on Curtis' contract claim.[1]

Because Curtis has failed to establish a contractually enforceable obligation, we need not decide whether the district court erred in giving legal effect to his resignation.

**AFFIRMED.**

---

1. Curtis originally pled a second breach of contract claim, which he has abandoned on appeal, and a claim for intentional infliction of emotional distress, which he withdrew before the magistrate judge. Neither claim is before us.